IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN INMAN, #234821 | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) ) 2-05-CV-526-T |
| STATE OF ALABAMA, ET AL. | ) ) |
| Defendant(s). | ) ) ) ) |

## SPECIAL REPORT

COME NOW the Defendant, **James Caton, Jr.**, by and through undersigned counsel, and in accordance with this Honorable Court's July 19, 2005 Order, offer the following written report.

## PARTIES

1. The Plaintiff, John Inman, is a former inmate of the Alabama Prison System.

2. Defendant James Caton is a Correctional Officer I with the Alabama Department of Corrections assigned to Draper Correctional Center, Elmore, Alabama.

3. Defendant Prison Health Services, Inc. is a private corporation contracting with the State of Alabama Department of Corrections.

4. Defendants State of Alabama and Alabama Department of Corrections were dismissed from this action by order of the Court dated August 3, 2005.

## EXHIBIT

EXHIBIT 1 – Affidavit of James Caton, Jr., with attachments.

1

## PLAINTIFF'S CLAIMS

Plaintiff claims that he was injured in an accident that occurred on October 28, 2004, while he was a passenger in a prison bus being operated by Officer Caton. Plaintiff claims injuries to his left hand, which he claims was "severed" in the incident, and a "dislocated vertebra". (¶ IV. Statement of Claim). Plaintiff claims $600,000 in compensatory damages and $1,250,000 in punitive damages plus "interest on same from date of filing to date of settlement at Amsouth [and] South Trust prime rate."

## DEFENDANTS' RESPONSE

1. The Defendant denies that he violated the Plaintiff's constitutional rights.

2. The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

5. The Defendant is immune from suit due to qualified immunity.

6. Plaintiff's claims are barred by ALA. CODE § 32-1-2.

7. Plaintiff's injuries, if any, were caused by the negligence of others over whom this defendant had no control, therefore this defendant is not liable for plaintiff's injuries.

## STATEMENT OF FACTS

On October 28, 2004, at approximately 1:30 pm, Officer Caton was driving an Alabama Department of Corrections bus with 14 inmate passengers. The bus was involved in an accident with a pick up truck driven by Mr. Hugh Steadham. (Exhibit 1).

According to the Department of Corrections Incident Report, Officer Caton pulled up to the stop sign at the intersection of Marion Spillway Road and Alabama Highway 143, came to a complete stop, looked both ways and proceeded to cross highway 143. Upon entering the highway, several inmates began yelling to stop the bus. Mr. Steadman's vehicle collided with the left front wheel and side of the bus. After the impact, Officer Caton got all 144 inmates off of the bus and placed 12 of the 14 inmates, (including plaintiff) on the grass closest to the Draper Industrial area fence. Officer Caton and two inmates then proceeded to render assistance to Mr. Steadman. Officer Caton and Mr. Steadman were both subsequently transported to Jackson Hospital and released the same day. The inmates (including plaintiff) were transported to Staton Health Care Unit. The plaintiff was later transported to Baptist South Hospital in Montgomery where he was treated and released back to Staton Health Care Unit for observation. Plaintiff did not receive any serious injuries as a result of the accident and was released back to Draper General population on October 29, 2004.

## ARGUMENT

### I. Plaintiff does not assert a proper claim against this defendant.

Plaintiff's sole legal assertion against Officer Caton is that Officer Caton somehow violated Plaintiff's Eight Amendment right to be free from cruel and unusual punishment. While admittedly there is an obligation to avoid the imposition of cruel and

unusual punishment, a complaint of negligence does not state a constitutional violation for which a State might be liable under 42 U.S.C. § 1983 "merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To hold Officer Caton liable in a civil rights action under 42 U.S.C. § 1983 based on cruel and unusual punishment, Plaintiff must show that Off ice Caton's conduct constituted an intentional or callous indifference to Plaintiff's right to reasonable protection from violence. *Wiliams v. Bennett,* 689 F.2d 1370, 1380-81 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). Plaintiff must prove deliberate indifference on the part of Officer Caton rather than simple negligence. Section 1983 further requires "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." *Id.* at 1380. A section 1983 plaintiff seeking to sue prison officials must prove *either* that "the official knew or should have known that his action infringed a clearly established constitutional right of the plaintiff," *Douthit v. Jones,* 619 F.2d 527, 534 (5th Cir.1980), regardless of the officials' subjective intent, *Bogard v. Cook,* 586 F.2d 399, 411 (5th Cir.1978), *cert. denied,* 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979), *or* that the "official either actually intended to do harm to the plaintiff, or took an action which, although not intended to do harm, was so likely to produce injury that the harm can be characterized as substantially certain to result," *Boggard,* 586 F.2d at 412. Plaintiff's claims simply do not rise to the level of an actionable 1983 or Eighth Amendment case against Officer Caton.

## II. Officer Caton is immune from suit.

This case should be dismissed because the Defendant is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, Officer Caton should be dismissed based on immunity.

In addition, the Defendant is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)).

*Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendant has not violated Plaintiff's clearly established rights; thus, he is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. WHEREFORE, the Defendant respectfully request that this Honorable Court dismiss the claims against him.

                              Respectfully submitted,

                              TROY KING (KIN047)
                              Attorney General

                              /s/Benjamin H. Albritton
                              Benjamin H. Albritton (ALB008)
                              Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 26th day of August, 2005, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

John Inman, AIS# 234821
Frank Lee Youth Center
P.O. Box 220410, Dorm I-70
Deatsville, AL 36022

/s/Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General