IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN INMAN (AIS# 234821),           *

                                 *

     Plaintiff,                      *

V.                                *     2:05-CV-526-T

STATE OF ALABAMA, ET AL.,    *

     Defendants.                 *

### SPECIAL REPORT OF PHS

COMES NOW Defendant Prison Health Services, Inc. (incorrectly named in Plaintiff's Complaint as "Prisons Health Systems") (hereinafter "PHS") in response to this Honorable Court's Order of August 24, 2005 and presents the following Special Report with regard to this matter:

### I. INTRODUCTION

The Plaintiff, John Inman (AIS #234821), is an inmate who was confined at Draper Correctional Facility located in Elmore County, Alabama at all times pertinent to this lawsuit. During the time period made the basis of Inman's complaint, PHS contracted with the Alabama Department of Corrections to provide medical care to inmates at Draper and other prisons. On May 2, 2005, Inman filed a Complaint alleging that PHS has acted with deliberate indifference to his serious medical needs, in violation of his constitutional rights. (See Complaint) Specifically, Inman claims that PHS has failed to

properly treat alleged injuries he sustained as a result of an automobile accident that occurred on October 28, 2004. (Id.)

As directed, PHS has undertaken a review of Plaintiff Inman's claims to determine the facts and circumstances relevant thereto. At this time, PHS is submitting this Special Report, which is supported by certified copies of Plaintiff Inman's medical records (attached hereto as Exhibit "A") and the Affidavit of Winfred D. Williams, M.D. (attached hereto as Exhibit "B"). These evidentiary materials demonstrate that Plaintiff Inman has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are false and without merit.

## II. NARRATIVE SUMMARY OF FACTS

John Inman (AIS# 234821) is an inmate who was incarcerated at Draper Correctional Facility at all times pertinent to this lawsuit. (See Exhibits "A" & "B")[1] On October 28, 2004 Mr. Inman was involved in an automobile accident when an Alabama Department of Corrections bus in which he was riding collided with another vehicle near Draper. (Id.) As a precaution, Mr. Inman was immediately transported to the emergency room at Baptist Medical Center South for evaluation. (Id.)

Mr. Inman was evaluated by Ronald A. Shaw, M.D. who determined that Inman's left index finger was lacerated and that the tip of his left index finger was fractured. (Id.) Dr. Shaw sutured the laceration and provided Inman with a finger splint. (Id.) Inman was prescribed Lortab for pain and Keflex, an antibiotic, to ward off possible infection. (Id.) Dr. Shaw released Mr. Inman from Baptist South the following day. (Id.)

---

[1] Draper Correctional Facility does not have an infirmary. All of Draper's inmates, including Mr. Inman, are treated at neighboring Staton Correctional Facility.

After Inman returned to Draper, he received extensive x-ray evaluation. (Id.) Radiologist Thomas J. Payne, III, M.D., determined that Mr. Inman had fractured the distal phalanx of his left index finger. (Id.) He reviewed x-rays of Mr. Inman's spine and determined that he had suffered no acute injury in the accident. (Id.) Specifically, Mr. Inman's vertebrae are well aligned and show no evidence of fracture or destructive bone disease. (Id.) Mr. Inman's lateral cervical spine x-ray showed a bone spur on the C7 vertebrae. (Id.) This spur is chronic, not acute, and is completely unrelated to the automobile accident in question. (Id.)

Mr. Inman does not suffer from dislocated vertebrae as he has stated in his Complaint, nor has Inman's left index finger been severed as he claims. (Id.) Surgery is not indicated for Inman's condition. (Id.)

In order to treat any inflammation accompanying Mr. Inman's lacerated finger, he has been prescribed Naproxen, an anti-inflammatory, as well as Motrin and Ibuprofen for pain. (Id.) Dr. Williams, the Medical Director at Staton, instructed Mr. Inman regarding exercises designed to increase his finger mobility and issued multiple profiles on his behalf including a "bottom bunk profile" and a "no use of hand profile." (Id.)

The evidence now before the Court establishes that Inman's medical conditions have been evaluated and treated in a timely and appropriate fashion by PHS and all other health care providers at Staton. (See Exhibits "A" & "B"). Inman has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, any time he registered any health care complaints at Staton. (Id.) At all times, all PHS employees have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised

under the same or similar circumstances. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.) At no time have any PHS employees ever denied Inman any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Inman. (Id.) At all times, Inman's medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

PHS asserts the following defenses to the Plaintiff's claims:

1.     PHS denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2.     PHS pleads not guilty to the charges in the Plaintiff's Complaint.

3.     The Plaintiff's Complaint fails to state a claim against PHS for which relief can be granted.

4.     PHS affirmatively denies any and all alleged claims by the Plaintiff.

5.     The Plaintiff is not entitled to any relief requested in the Complaint.

6.     PHS pleads the defense of qualified immunity and avers that the actions taken by them were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.     PHS is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that PHS has violated any clearly established constitutional right.

8.     PHS cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9.      The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.     The allegations contained in the Plaintiff's Complaint against PHS, sued in its individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989)

11.     PHS pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.     PHS avers that it was at all times acting under color of state law and, therefore, it is entitled to substantive immunity under the law of the State of Alabama.

13.     PHS pleads the general issue.

14.     This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against PHS would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.     The Plaintiff's claims against PHS in its official capacity are barred by the Eleventh Amendment to the United States Constitution.

16.     Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.     PHS pleads the defense that at all times in treating Plaintiff it exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did it act towards the Plaintiff with deliberate indifference to any serious medical need.

18.    PHS pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render it liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    PHS pleads the affirmative defenses of contributory negligence and assumption of the risk.

20.    PHS pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    PHS pleads the affirmative defense that it is not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    PHS pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.    PHS pleads the affirmative defense that it is not guilty of any conduct which would justify the imposition of punitive damages against it and that any such award would violate the United States Constitution.

24.    PHS adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.    The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.    The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of the Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from PHS who is entitled to immunity.

27.    The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.    The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from PHS who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.    PHS asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award PHS reasonable attorney's fees and costs incurred in the defense of this case.

## IV. __ARGUMENT__

In an effort to defeat baseless claims at the earliest possible opportunity, our Circuit requires that a Plaintiff in a civil rights action allege with necessary specificity facts which demonstrate a claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). This requirement is in place so that a Defendant can file an appropriate responsive pleading. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 777 F.3d 364, 366 (11th Cir. 1996). Inman does not meet this heightened pleading responsibility, and for that reason his Complaint is subject to dismissal.

In order to state a cognizable claim under the Eighth Amendment, Inman must allege acts or omissions sufficiently harmful to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 49 L. Ed. 2d 859 (1976); McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994); Palermo v. Correctional Medical Services, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). In order to prevail, Inman must allege and prove that he suffered from a serious medical need, that PHS was deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, Alabama, 225 F. 3d 1243, 1255 (11th Cir. 2000) and Palermo, supra.

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's alleged negligence in diagnosing or treating a medical condition states a valid claim of

8

medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is in prison. See Estelle, supra, McElligott, supra, Hill, supra and Palermo, supra. Further, a mere difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, supra, 429 U.S. at 106-108. PHS may only be liable if it had knowledge of Inman's medical condition and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, supra, 429 U.S. at 104-105 and Hill, supra, 40 F. 3d at 1191.

Obviously, Plaintiff Inman cannot carry his burden. The evidence submitted with this Special Report clearly shows that PHS did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. (See Exhibits "A" & "B") To the contrary, the evidence demonstrates that Inman's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was neither denied any necessary medical treatment, nor harmed by any treatment provided by PHS. (Id.) Appropriate standards of care were followed at all times. (Id.) The evidence, in other words, shows without dispute that all of Plaintiff Inman's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. (Id.) These facts clearly disprove any claim that PHS acted intentionally or recklessly to deny treatment or care.

To the extent that the Plaintiff seeks to hold PHS liable for alleged acts or omissions of other persons or entities (including the Alabama Department of Corrections or any of its employees), such efforts must necessarily fail because there is no liability for

violations of § 1983 under a theory of *respondeat superior*. See Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir.1990). For this reason, PHS, like a government entity, can be liable under Section 1983 only if the Plaintiff can prove that PHS caused a violation of his constitutional rights through its adoption of an official policy, practice, or custom. See Buckner v. Toro, 116 F.3d 450, 452-53 (11ᵗʰ Cir. 1997); Ort v. Pinchback, 786 F.2d 1105, 1107 (11ᵗʰ Cir. 1986). Just as there is no showing of any direct violation of Plaintiff's constitutional rights by PHS, there is no allegation – much less any evidentiary showing – that any PHS employees have violated Plaintiff's constitutional rights through any official policy, practice, or custom.

Even further, PHS is entitled to qualified immunity from all claims asserted by Inman in this action. There is no argument that any PHS employee was not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F.3d 1157, 1160 (11ᵗʰ Cir. 1994); see also Jordan v. Doe, 38 F.3d 1559, 1566 (11ᵗʰ Cir. 1994). Because PHS has demonstrated that it was acting within the scope of its discretionary authority, the burden shifts to Inman to show that PHS violated clearly established law based upon objective standards. Eubanks, supra, 40 F.3d at 1160. The Eleventh Circuit requires that before PHS' actions can be said to have violated clearly established constitutional rights, Inman must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11ᵗʰ Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F.3d 1431 (11ᵗʰ Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987)). As stated by the Eleventh Circuit in Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1150 (11th Cir. 1994):

> In considering whether the law applicable to certain facts is clearly established, the facts of the case relied upon as precedent are important. The facts may not be the same as the facts of immediate case. But they do need to be materially similar. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.

> Lassiter, 28 F.3d at 1150 (citations omitted; emphasis in original).

Therefore, to defeat summary judgment, Inman must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F. 3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter, 28 F. 3d at 1151. PHS submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Inman's constitutional rights. All Inman's medical needs have been addressed or treated. (See Exhibits "A" & "B"). PHS has treated Inman's

conditions, prescribed and given needed medications, managed and treated his problems, and provided him access to nurses and physicians and appropriate medical care at all times. (Id.) The undisputed evidence shows that PHS has provided appropriate medical care to the Plaintiff at all times. (Id.)

Pursuant to the Court's August 24, 2005 Order, PHS requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. PHS has demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that it is, therefore, entitled to a judgment in its favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. Accordingly, PHS requests that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in its favor.

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendant Prison
Health Services, Inc.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270

Montgomery, Alabama  36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this the 13th day of September, 2005, to the following:

John Inman AIS#234821
Frank Lee Youth Center
P.O. Box 220410 Dorm 1-70
Deatsville, AL 36022

s/R. Brett Garrett
Alabama State Bar Number GAR085